IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARREN DEE GOLDSMITH, SR., <br><br> Plaintiff, <br><br> vs. <br><br> LEWIS and CLARK COUNTY, LEO DUTTON, and BENEFIS SPECTRUM MEDICAL, INC., <br><br> Defendants. | CV 13-0051-H-DWM-RKS <br><br> NUNC PRO TUNC ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

On January 23, 2014, this Court issued an Order which mistakenly directed service of the Complaint on legal counsel for the Montana Department of Corrections. That Order is withdrawn and is replaced by the following:

Mr. Goldsmith alleges violations of his constitutional rights arising from excessive bail, denial of medical care, and a denial of access to legal materials. (Complaint, Doc. 2). Mr. Goldsmith's medical care claims will be served upon Defendants Dutton and Benefis Spectrum Medical. Mr. Goldsmith's allegations regarding excessive bail and access to legal materials fail to state a claim upon

1

which relief may be granted. Those claims, and Defendant Lewis and Clark County should be dismissed. Mr. Goldsmith's motion for release and/or seizure of evidence should be denied. (Doc. 7.)

## JURISDICTION

Mr. Goldsmith filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper as he is incarcerated in and alleges wrongs committed in Lewis and Clark County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Goldsmith is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This is the review.

# STANDARDS

## A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## B. Leave to amend

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**C. Younger v. Harris**

Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41).

A federal court must abstain under *Younger* if four requirements are met:

(1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden* ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007).

### D.  42 U.S.C. § 1983

#### Denial of Medical Care

Since Mr. Goldsmith is a pretrial detainee, any claim of inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition against cruel and unusual punishment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). Regardless, with respect to medical needs, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.' " *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (*citing Carnell*, 74 F.3d at 979).

To state a § 1983 claim for failure to provide medical care, including mental

health care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 quoting *Jett*, 439 F.3d at 1096. "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988)(citing *Estelle*, 429 U.S. at 104-05). Allegations that treatment has been requested and denied because a difference of opinion with

6

medical staff, absent more, do not state a claim for deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

### Access to Legal Materials

Prisons must provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 825 (1977)). There is no "abstract, freestanding right to a law library or legal assistance. *Casey*, 518 U.S. at 351. Instead, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Casey,* 518 U.S. at 351.

To state a claim for a violation of this right to access to the courts, an inmate must allege "actual injury," by alleging a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also Casey*, 518 U.S. at 349. "The injury requirement is not satisfied by just any type of frustrated legal claim." *Casey,* 518 U.S. at 354-55. Prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id.* This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the

capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. Moreover, the right of access to courts is only a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court. *Id.* at 354-55.

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Goldsmith sustained a traumatic brain injury while living/working in Europe in the late 1990s resulting in an ongoing uncontrolled seizure disorder and other physical, mental, and developmental disabilities. Mr. Goldsmith also interned in a Serbian camp where abuse caused post-traumatic stress disorder, nerve damage, an epidermal disorder, chronic obstructive pulmonary disorder (C.O.P.D.), and other mental and physical health issues from which he still suffers.

Mr. Goldsmith is now incarcerated in the Lewis and Clark Detention Center and alleges Lewis and Clark County has imposed an excessive bail on him since July 1, 2013. He alleges it would take all of his income for the next five years to pay the bail. He alleges he was arrested for a non-violent, non-drug related incident directly related to his physical disabilities and mental deficiencies.

8

Mr. Goldsmith alleges Lewis and Clark County Jail, under Sheriff Dutton and Jail Medical Contractor, Benefis Spectrum Medical are denying him essential prescribed medications that control his seizure disorder, oxygen needed due to his congestive pulmonary heart failure, antihistamines to treat his epidermal disease, and medication to treat his nerve damage.

Mr. Goldsmith alleges he is in danger due to his uncontrolled seizure activity without the necessary anticonvulsant medications. His seizure disorder is normally partially controlled with a strictly monitored medication regiment consisting of three widely used anticonvulsants. He receives one of these medications in jail but without the others the medication has proven ineffective. He alleges the jail addresses his seizure problem by placing him in segregation. He alleges difficulty sleeping due to his inability to breathe properly without oxygen and his C.O.P.D. He has daily fits of uncontrollable itching. He alleges he is being made to suffer from his neuropathy, while others receive medication. He also suffers from mental health issues for which Defendants deny him proper medication.

Mr. Goldsmith alleges Sheriff Dutton knowingly refused him access to law materials, denying him his right to assist in his own defense.

## ANALYSIS

## A. Excessive Bail

Mr. Goldsmith's claims regarding excessive bail are barred by the *Younger* abstention doctrine. All the elements of *Younger* abstention are established in this case. First, based upon Mr. Goldsmith's current incarceration and the allegations in his Complaint, it is clear there are ongoing state criminal proceedings. Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Goldsmith has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Goldsmith has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his bail. Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves "by inserting federal courts into the ordinary course of state criminal proceedings." *Lazarus v. Baca*, 389 Fed.Appx. 700 (9th Cir. 2010). All four prongs of the *Younger* test have been

satisfied and the Court must abstain from adjudicating Mr. Goldsmith's excessive bail claim under *Younger v. Harris*, 401 U.S. 37 (1971). The excessive bail claim and Lewis and Clark County should be dismissed.

### B. Denial of Medical/Mental Health Care

Defendants Dutton and Benefis Spectrum Medical must make an appearance on Goldsmith's denial of medical care claims. Mr. Goldsmith has sufficiently alleged that he has a serious medical need and Defendants Dutton and Benefis Spectrum Medical Care caused him wanton pain and discomfort by denying medical care. These allegations state a claim under 28 U.S.C. § 1983 and require a response.

### C. Assisting in his Own Defense

Mr. Goldsmith's access-to-court claim arises from his underlying criminal action. He is entitled to an attorney in that action, and does not allege he has been denied his right to an attorney. Access to legal assistance is constitutionally sufficient access to the courts. Mr. Goldsmith fails to state a claim on this basis. *Bounds v. Smith*, 430 U.S. 817, 830 (1977); *see also Lindguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir.1985).

### D. Motion for Release and/or Seizure of Evidence

Mr. Goldsmith has filed a motion seeking discovery. (Doc. 7.) Pursuant to Local Rule 26.1(d), "in actions brought without counsel, no party may begin discovery until a Scheduling Order has been issued." Once Defendants have filed a responsive pleading, the Court will issue a Scheduling Order and provide Mr. Goldsmith with a copy of the applicable rules for obtaining discovery from Defendants. The motion will be denied.

It is **ORDERED:**

1. The Order of January 23, 2014 is withdrawn. A copy of this Order should be served upon legal counsel for the Montana Department of Corrections.

2. Mr. Goldsmith's Motion for Release and/or Seizure of Evidence (Doc. 7) is denied.

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Dutton and Benefis Spectrum Medical to waive service of summons of Mr. Goldsmith's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of

---

[1] Defendant Lewis and Clark County will be recommended for dismissal and are not required to file a responsive pleading at this time.

Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

    4. The Clerk of Court shall forward the documents listed below to Defendants Dutton and Benefis Spectrum Medical:

*      Complaint (Doc. 2);

*      Motion for Release and/or Seizure of Evidence (Doc. 7);

*      this Order,

*      a Notice of Lawsuit & Request to Waive Service of Summons; and

*      a Waiver of Service of Summons

Should counsel determine they do not represent Defendants, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

    5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the

Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Mr. Goldsmith shall not make any motion for default until at least seventy (70) days after the date of this Order.

8. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

9. At all times during the pendency of this action, Mr. Goldsmith shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Defendant Lewis and Clark County should be dismissed.

2. Mr. Goldsmith's allegations regarding excessive bail and denial of access to legal materials fail to state a claim upon which relief may be granted and should be dismissed.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Goldsmith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of January, 2014.

                                          */s/ Keith Strong*
                                          Keith Strong
                                          United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Sheriff Leo Dutton  
Lewis and Clark Sheriff's Department  
221 Breckenridge  
Helena, MT  59601

Benefis Spectrum Medical, Inc.  
2900 10th Avenue South  
Great Falls, MT  59405

A lawsuit has been commenced by an incarcerated pro se plaintiff against Sheriff Leo Dutton and Benefis Spectrum Medical, Inc.  A copy of the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00051-H-DWM-RKS.  The Court has completed its pre-screening and concludes that these Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshals Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshals Service to serve the Complaints personally on Defendants and may impose the full costs of such service.

/s/ Keith Strong  
Keith Strong  
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

 The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Goldsmith v. Dutton, et al.</u>, Civil Action No. CV-13-00051-H-DWM-RKS filed in the United States District Court for the District of Montana. Defendants have also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and additional copies of the complaints in this action by not requiring the following individuals be served with judicial process as provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

 The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

 I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____    _____
DATE             SIGNATURE

               _____
               PRINTED/TYPED NAME

               _____

               _____
               ADDRESS