IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARREN DEE GOLDSMITH, SR., | CV 13-0051-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER |
| LEO DUTTON and BENEFIS SPECTRUM MEDICAL, INC., | |
| Defendants. | |

**Synopsis**

Plaintiff Darren Goldsmith has filed a Response to Spectrum's Request for Production of Documents (which has been construed as a motion for protective order) (Doc. 42) and a Motion for Access to Legal Materials (Doc. 55). Mr. Goldsmith failed to comply with Local Rules 7.1 and 26 and his motions lack merit. The motions will be denied.

Mr. Goldsmith also filed a Motion for Issuance of Subpoenas (Doc. 43). Because he has since withdrawn the motion (Doc. 59), it will not be addressed in this Order.

**Jurisdiction**

Mr. Goldsmith's Complaint presents a claim under 42 U.S.C. § 1983, giving

1

rise to federal question jurisdiction. 28 U.S.C. § 1331. The case is assigned to District Court Judge Donald Molloy and was referred to this Court for pretrial proceedings. *See* L.R. 72.2(a)(1).

## Analysis

**Federal and Local Rules**

Mr. Goldsmith's motions should be dismissed for failure to comply with the Court's Local Rules. Local Rule 7.1(c)(1) provides that "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion." Mr. Goldsmith's motions do not indicate that he contacted opposing counsel prior to filing his motions.

Additionally, Mr. Goldsmith seeks a protective order which requires a "certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ. P. 26(c).

Mr. Goldsmith received these rules with the Court's May 5, 2014 Scheduling Order (Doc. 23). He has blatantly failed to comply with them. Any future motions filed without first complying with these rules will be summarily denied.

2

**Response to Spectrum's Request for Production of Documents**

Mr. Goldsmith's Response to Spectrum's Request for Production of Documents has been construed as a motion for a protective order. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). But the right to access information is not absolute, and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Catholic Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

Mr. Goldsmith alleges that on June 27, 2014, Defendant Dutton submitted requests for the production of documents to Defendant Spectrum seeking "all information in your possession regarding plaintiff." Mr. Goldsmith submits that some of this information may be federally protected under HIPPA and/or other

privacy laws. He alleges the documents are highly confidential and are mostly Department of Veteran Affairs medical records that are, for the most part, not relevant to the case at hand. (Doc. 42 at 1.) He also alleges that Defendant Dutton did not particularly describe the information sought in violation of Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Mr. Goldsmith includes allegations that jail deputies seized several hundred pages of private V.A. medical records which they turned over to Spectrum. He objects to Spectrum providing copies of those records back to the jail.

Defendants argue that Sheriff Dutton is entitled to Mr. Goldsmith's medical records because (1) pursuant to the contract between Spectrum and LCCDC, any records acquired by Spectrum while treating inmates at the detention center are the property of Lewis and Clark County; (2) HIPAA to the extent it applies, allows a provider to use or disclose protected health information for purposes of litigation as part of its health care operations; (3) Mr. Goldsmith's medical conditions are at issue, and therefore, his medical records are relevant and discoverable; and (4) Mr. Goldsmith cannot assert a new cause of action regarding Spectrum's allegedly improper receipt and retention of his medical records. (Doc. 45.)

As Mr. Goldsmith has put his medical conditions at issue in this lawsuit, his medical records in the possession of Spectrum Medical are relevant and

discoverable. The records are not privileged as there is no physician-patient privilege recognized under federal common law or in the Ninth Circuit. *In re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986).

Defendants are correct that HIPAA, to the extent it applies, allows for disclosure of medical records for the purposes of litigation. HIPAA permits disclosure of protected health information in judicial proceedings in response to subpoenas or discovery requests if there is a protective order that both prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation and requires the return or destruction of the protected health information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(ii), (v). Spectrum represents that they have entered into a Stipulation with Sheriff Dutton that prohibits the use or disclosure of Mr. Goldsmith's medical records for any purpose other than this litigation, and requires Sheriff Dutton to destroy or return to Spectrum any medical records received from Spectrum at the conclusion of this litigation. (Spectrum's Response, Doc. 45 at 12, n.2.) Thus, to the extent HIPAA applies, the parties have complied by entering into an appropriate stipulation.

Mr. Goldsmith cannot claim he has been denied proper medical care and not expect his medical records to be discoverable. Whether or not the records were

improperly obtained is not the proper subject for a motion for protective order. Mr. Goldsmith's motion for a protective order is denied.

**Motion for Access to Pro Se Legal Documents**

Mr. Goldsmith's last motion seeks a Court order granting access to "pro se legal documents." Mr. Goldsmith indicates that some of his case materials were lost in his transfer to the Gallatin County Jail from the Lewis and Clark County Detention Facility and to the Missoula Assessment and Sanction Center (MASC). He also indicates that he is having difficulties obtaining an "indigent pro se supplies kit."[1]

The United States Supreme Court has cautioned federal courts not to interfere with the day-to-day operations of the prisons, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *Turner v. Safley*, 482 U.S. 78, 8486, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations). The Court will not interfere in this aspect of prison administration. If Mr. Goldsmith is being denied access to the courts as a result of the facility's regulations, that is the subject of

---

[1]Mr. Goldsmith indicates in his reply brief that he has now obtained his copy of the Court's Scheduling Order. (Reply, Doc. 58 at 9.)

another lawsuit.

It is **ORDERED**:

1. Mr. Goldsmith's Motion for Protective Order (Doc. 42) is denied.

2. Mr. Goldsmith's Motion for Access to Legal Materials (Doc. 55) is denied.

3. At all times during the pendency of this action, Mr. Goldsmith shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 5th day of September, 2014.

                                           */s/ Keith Strong*
                                           Keith Strong
                                           United States Magistrate Judge