IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARREN DEE GOLDSMITH, SR., <br><br> Plaintiff, <br><br> vs. <br><br> LEO DUTTON and BENEFIS SPECTRUM MEDICAL, INC., <br><br> Defendants. | CV 13-0051-H-DWM-RKS <br><br><br> ORDER |

Mr. Goldsmith has filed a "Motion for Order and Notice Requesting to Take Depositions (via remote electronic and or written media)." (Doc. 63.) Defendant Spectrum Medical, Inc., construes the motion as a notice of deposition.[1] (Doc. 65.) Defendants object to the motion because Mr. Goldsmith has not specified the means by which he intends to take the depositions. (Docs. 64, 65.) Instead, Mr. Goldsmith says he will take depositions "by whichever means the Court or Defendants deem best appropriate." (Doc. 63.)

Construed as a notice of deposition, the motion fails to comply with the relevant procedural rules. Rule 30(b)(3) of the Federal Rules of Civil Procedure

---

[1]Defendant Dutton likewise cites Fed.R.Civ.P. 30(b)(3) on notices of deposition.

1

requires a party seeking to depose a person by oral questions to include in a written notice to every other party the method for recording the testimony. Rule 31(a)(3) of the Federal Rules of Civil Procedure requires a party seeking to depose a person by written questions to include in a written notice to every other party "the name or descriptive title and the address of an officer before whom the deposition will be taken." Mr. Goldsmith did not indicate how the depositions would be conducted. He also failed to specify how he would record depositions by oral questions or to give information about the officer before whom depositions by written questions would take place.

To the extent Mr. Goldsmith's pleading is construed as a motion to compel depositions, it likewise fails to meet the procedural requirements. Mr. Goldsmith is essentially asking the Court to schedule depositions with Defendants and then notify him of the time and manner of the depositions. (Doc. 63.) The Court will not be involved in the scheduling of depositions; the parties must work together in good faith to resolve discovery issues. (*See* Fed.R.Civ.P. 37(a)(1); Local Rule 26.3(c)(1).)[2] Moreover, Mr. Goldsmith is reminded he may not serve or have issued any subpoena to compel attendance at a deposition unless he first makes a

---

[2] Mr. Goldsmith failed to "include a certification that [he] has in good faith conferred or attempted to confer with [Defendants] in an effort" to resolve the issue without court action. Fed.R.Civ.P. 37(a)(1).

motion to have a subpoena issued and obtains an Order from this Court approving issuance and service of the subpoena. (Doc. 23.)

Mr. Goldsmith filed his motion on October 6, 2014. Defendants responded on October 20, 2014. Because discovery was scheduled to end on November 3, 2014, there is good cause to amend the scheduling order.

It is **ORDERED:**

1. Mr. Goldsmith's Motion for Order and Notice Requesting to Take Depositions (Doc. 63) is DENIED.

2. The Clerk of Court is directed to send Mr. Goldsmith a copy of Rules 30 and 31 of the Federal Rules of Civil Procedure.

3. The following schedule shall apply to all further proceedings and will not be modified except by leave of Court upon a showing of good cause. The parties must consider and plan in advance for predictable schedule changes or demands on their time, such as other deadlines, trials, or hearings, relocation to another facility, or infrequent or interrupted access to legal materials.

    a. Discovery responses shall be served and all discovery completed by December 1, 2014. A duty to supplement discovery beyond the deadline may be imposed by Fed.R.Civ.P. 26(e). Neither discovery requests nor discovery responses are routinely filed with the Court. *See* D. Mont. L.R. 26.2(a). The Court

will not consider discovery disputes unless the moving party's complies with Fed.R.Civ.P. 29, 37 and D. Mont. L.R. 7 and 26.3(c).

      b. Pursuant to Fed.R.Civ.P. 30(a)(2)(B) and 31(a)(2)(B), Defendants may take Mr. Goldsmith's deposition without seeking further leave of court.

      c. Mr. Goldsmith may not serve or have issued any subpoena unless he first makes a motion to have them issued and obtains an Order from this Court approving issuance and service of the subpoena. To seek an Order of approval Mr. Goldsmith must submit proposed subpoenas to the Court in final form, and provide justification for each.

      d. All pretrial motions with supporting briefs shall be filed and served on or before January 5, 2015. Briefing shall be in accordance with the Rule 7 of the Local Rules of the United States District Court for the District of Montana which provides that response to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

With the service copy of each motion, Defendants must provide Mr. Goldsmith with a copy of the Court's Notice of Electronic Filing so Mr. Goldsmith is aware of the actual filing date for each motion. Because Mr. Goldsmith is a pro

se incarcerated litigant, he will be allowed an additional three days for mailing to be counted after the time period expires to file his response. e. Any hearings the Court finds necessary will be scheduled after the motions have been fully briefed.

      f. Requests for a settlement conference may be filed at any time before the briefing schedule for motions closes. The Court may on its own motion schedule a settlement conference.

      g. If no dispositive motions are filed on or before the motions deadline, defense counsel shall assume responsibility for convening a conference of all parties for the purpose of preparing a Proposed Final Pretrial Order. Counsel shall ensure that all tasks are accomplished as set forth in the Attachment to this Order on or before February 2, 2015. A Final Pretrial Conference and trial date will then be set by further Order of the Court.

    4. All documents presented for the Court's consideration must be served by first-class mail upon counsel or, if a party is proceeding pro se, upon the party and must include a certificate of service. The certificate of service must state the date on which the document was deposited in the mail and the name of each person to whom the document was sent. The sender must sign the certificate of service.

    5. At all times during the pendency of this action, Mr. Goldsmith must

immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 4th day of November, 2014.

                                                 */s/ Keith Strong*
                                                 Keith Strong
                                                 United States Magistrate Judge